IN THE UNITED STATES DISTRICT CORT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARTINE DIVITO**<br>**36210 Maplegrove Road**<br>**Willoughby Hills, Ohio 44094**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF BEDFORD HEIGHTS**<br>**5661 Perkins Road**<br>**Bedford Heights, Ohio 44146**<br><br>and<br><br>**FLETCHER D. BERGER**, **JR.**<br>**5661 Perkins Road**<br>**Bedford Heights, Ohio 44146,**<br><br>Defendants. | CASE NO.:<br><br>JUDGE<br><br><br><br><u>**COMPLAINT**</u><br><br>**Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Fed. R. Civ. P. 38.** |

## INTRODUCTION

1. Plaintiff Martine DiVito ("Ms. DiVito") is a United States citizen and Cuyahoga County, Ohio resident.

2. Defendant City of Bedford Heights ("Bedford") is a City located in Cuyahoga County, Ohio.

3. Defendant Fletcher D. Berger, Jr. ("Mayor Berger") is a resident of Cuyahoga County, Ohio.

4. Defendant Mayor Berger is an elected official of the City of Bedford Heights.

5. Bedford employed Ms. DiVito in Cuyahoga County, Ohio, from about September 14, 2004, until it informed her on June 24, 2022, that it was terminating her employment.

6. Ms. DiVito is a "person" and an "employee" as Ohio Revised Code Chapter 4112, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.* ("ADEA"), and the Americans with Disabilities Act of 1991, 42 U.S.C. Section 12101, *et seq*, ("ADA") define and use those terms.

7. Bedford is a political subdivision located in Cuyahoga County, Ohio and is a legal entity capable of being sued pursuant to Section 2744 of the Ohio Revised Code

8. Bedford is an "employer" within the meaning of Section 4112 of the Ohio Revised Code, Title VII, the ADEA, and the ADA.

9. Mayor Berger is an "individual" within the meaning of Section 4112 of the Ohio Revised Code.

10. Ms. DiVito timely filed an EEOC charge and received a right-to-sue letter from the EEOC. All jurisdictional prerequisites for this suit have been met.

11. The conduct, activity, and injuries that gave rise to these claims occurred in Cuyahoga County, Ohio. Jurisdiction and venue are proper.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

12. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

13. At all relevant times, Ms. DiVito was qualified for the positions she held.

14. Ms. DiVito successfully performed her job duties at all times during her employment with Defendants.

2

15. While employed by Defendants, Ms. DiVito complained to Defendants on multiple occasions that they were discriminating against her and subjecting her to a hostile work environment in violation of federal and state anti-discrimination laws.

16. While employed by Defendants, Ms. DiVito filed an EEOC charge and a prior federal lawsuit to protect her rights as an employee with a disability.

17. On or about June 24, 2022, Defendants terminated Ms. DiVito's employment.

## FIRST CAUSE OF ACTION
**(Retaliation in Violation of the ADA, Title VII, and Ohio Rev. Code Chapter 4112)**

18. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

19. Ms. DiVito engaged in protected activity when she complained, both verbally and in writing, about unlawful discrimination to Defendants.

20. Ms. DiVito requested a reasonable accommodation for her disability prior to the termination of her employment.

21. Ms. DiVito engaged in protected conduct when she requested the reasonable accommodation.

22. Ms. DiVito engaged in protected conduct when she pursued federal remedies for Defendants' violations of her rights under the ADA.

23. Defendants denied Plaintiff a reasonable accommodation and retaliated against Plaintiff for requesting the reasonable accommodation and for engaging in the other protected activity described above by terminating her from her employment and by refusing to transfer, rehire or reassign her into other available positions for which she was qualified.

24. Defendants subjected Ms. DiVito to unfair and unwarranted discipline, terminated her from her employment, and otherwise changed the terms and conditions of her employment

and unlawfully retaliated against her in violation of Ohio Rev. Code Sections 4112.02 and 4112.99 because she had reported discriminatory conduct to Defendants.

25. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer past and future non-economic and economic injuries, including, but not limited to, pain and suffering and the loss of salary, wages, commissions, bonuses, benefits and other privileges and conditions of employment, for which Bedford is liable.

## SECOND CAUSE OF ACTION
**(Disability Discrimination in Violation of the ADA and O.R.C. § 4112)**

26. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

27. At all times relevant to this complaint, Ms. DiVito suffered from an impairment and disability within the meaning of the ADA and Chapter 4112 of the Ohio Revised Code.

28. Ms. DiVito is a qualified individual with a disability within the meaning of the ADA Chapter 4112 of the Ohio Revised Code.

29. Defendants were aware that Ms. DiVito was disabled and had a record of being disabled.

30. During her employment, Defendants refused to accommodate and terminated Ms. DiVito's employment because of her disability, and otherwise unlawfully discriminated against her on the basis of her disability with respect to the terms, conditions, and privileges of employment, including, but not limited to terminating her from her position, retaliating and discriminating against her for seeking reasonable accommodations for her disability, and refusing to transfer, recall, accommodate or rehire her to her former position or to other open positions for which she was qualified, in violation of the ADA, § 4112.02(A) and § 4112.99.

4

31. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer past and future non-economic and economic injuries, including, but not limited to, pain and suffering and the loss of salary, wages, commissions, bonuses, benefits and other privileges and conditions of employment, for which Bedford is liable.

**THIRD CAUSE OF ACTION**
**(Age Discrimination in Violation of the ADEA and Ohio Rev. Code Chapter 4112)**

32. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

33. Plaintiff is 59 years of age.

34. Defendants discriminated against Plaintiff and eventually terminated her as a result of her age.

35. Defendants replaced Ms. DiVito with a substantially-younger individual.

36. Defendants unfairly scrutinized, disciplined, and criticized Plaintiff, ultimately terminated her, and otherwise discriminated against her with respect to salary, wages, commissions, bonuses, and other terms and conditions of her employment because of her age.

37. Defendants knew of the discriminatory conduct and environment because they engaged in and witnessed the conduct, and because Plaintiff complained to managers and supervisors about Defendants' aforementioned discriminatory conduct.

38. Defendants refused to take appropriate action despite their knowledge of the discrimination and despite Plaintiff's complaints of discrimination.

39. Defendants discriminated against Plaintiff with respect to salary, wages, commissions, bonuses, discipline, termination, and other terms and conditions of her

employment on the basis of age in violation of the ADEA and Sections 4112.02 and 4112.99 of the Ohio Revised Code.

40. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer past and future non-economic and economic injuries, including, but not limited to, pain and suffering and the loss of salary, wages, commissions, bonuses, benefits and other privileges and conditions of employment, for which Bedford is liable.

**FOURTH CAUSE OF ACTION**
**(Race Discrimination in Violation of Title VII and Ohio Rev. Code Chapter 4112)**

41. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

42. Plaintiff is Caucasian.

43. Defendants discriminated against Plaintiff and eventually terminated her as a result of her race.

44. Defendants replaced Ms. DiVito with an African-American individual because of race.

45. Defendants have a pattern and practice of discriminating against Caucasian individuals with respect to scheduling, discipline, termination, constructive discharge, hiring opportunities, promotion opportunities, benefits, and other terms and conditions of employment, because of race.

46. Defendants unfairly scrutinized, disciplined, and criticized Plaintiff, ultimately terminated her, and otherwise discriminated against her with respect to salary, wages, commissions, bonuses, and other terms and conditions of her employment because of her race.

47. Defendants knew of the discriminatory conduct and environment because they engaged in and witnessed the conduct, and because Plaintiff complained to managers and supervisors about Defendants' aforementioned discriminatory conduct.

48. Defendants refused to take appropriate action despite their knowledge of the discrimination and despite Plaintiff's complaints of discrimination.

49. Defendants discriminated against Plaintiff with respect to salary, wages, commissions, bonuses, discipline, termination, and other terms and conditions of her employment based on race in violation of Title VII and Sections 4112.02 and 4112.99 of the Ohio Revised Code.

50. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer past and future non-economic and economic injuries, including, but not limited to, pain and suffering and the loss of salary, wages, commissions, bonuses, benefits and other privileges and conditions of employment, for which Bedford is liable.

**FIFTH CAUSE OF ACTION**
**(Aiding and Abetting Discrimination in Violation of R.C. Chapter 4112)**

51. Plaintiff incorporates by reference the allegations from the preceding as if fully re-alleged herein.

52. Defendants Bedford and Berger each aided and abetted each other in discriminating and retaliating against Plaintiff as described above.

53. As a direct and proximate result of Defendants' aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J), Plaintiff suffered and will continue to suffer economic compensatory and non-economic compensatory damages, including, but not limited to,

7

back pay, front pay, past and future economic losses, lost earning capacity, pain and suffering, and the loss of salary, benefits, and other privileges and conditions of employment.

54. Defendants' discriminatory actions against Plaintiff in violation of R.C. § 4112.02(J) were willful, reckless, and/or malicious. Pursuant to R.C. §§ 4112.02 and 4112.99, Defendants are liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys' and expert fees, costs, interest, and any equitable relief that this Court deems appropriate, including, but not limited to, re-employment and promotion; additionally, Defendant Berger is liable for punitive damages for his conduct.

**SIXTH CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**

55. Ms. DiVito incorporates into this paragraph her allegations from each of the preceding paragraphs.

56. Defendants violated the clear public policy of the State of Ohio as contained in multiple sources, including the Ohio and United States Constitutions, state and federal legislation, administrative rules and regulations, and Ohio common law, when they subjected Ms. DiVito to unfair and unwarranted discipline, terminated her from her employment, and otherwise changed the terms and conditions of her employment and retaliated against her, and deprived her of pension or retirement benefits.

57. As a direct and proximate result of Defendants' unlawful conduct, Ms. DiVito suffered and will continue to suffer economic and non-economic damages for which Defendants are liable, including but not limited to pain and suffering and the loss of salary, wages, benefits, and other privileges and conditions of employment.

58. Defendants intentionally, willfully, wantonly, recklessly, and maliciously violated the public policy of the State of Ohio. Defendants are liable to Ms. DiVito for economic and non-economic compensatory damages, back pay, front pay, reinstatement with seniority rights and fringe benefits, attorney's fees and costs, witness fees, expert fees, interest, and any additional legal or equitable relief that this Court deems appropriate; additionally, Defendant Berger is liable for punitive damages for his conduct.

## CONCLUSION

Plaintiff Martine DiVito seeks an amount in excess of $75,000 to fully, fairly, and justly compensate her for her injuries, damages, and loss. She respectfully requests that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, back pay, front pay, lost benefits, punitive damages, interest, all attorneys' and expert fees, costs, and any equitable relief that it deems appropriate.

Respectfully submitted,

*/s/ Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
20046 Walker Road
Shaker Heights, OH 44122
Phone: (216) 621-3500
Fax: (216) 621-3422

*Attorneys for Plaintiff Martine DiVito*